UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JANET M. ROHRSCHIEB,

      Plaintiff,

  v.                                  Case No. 20-CV-1517

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      Defendant.

---

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

---

On August 12, 2021, I reversed the Social Security Commissioner's decision denying Janet M. Rohrschieb's claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 19.) I granted Rohrschieb's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on November 9, 2021 and awarded $7,400.00 in fees. (Docket # 26.) On remand, Rohrschieb appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 27-1.) The Social Security Administration issued a Notice of Award letter dated August 28, 2022, stating that the Administration was withholding $21,470.52, which amounts to 25% of her past-due benefits, to pay her attorney. (*Id.* at 3.)

Rohrschieb agreed to pay her attorney 25% of her past-due benefits award. (Docket # 27-2.) Again, the Administration withheld $21,470.52 from her past-due benefits to pay her representative. Rohrschieb's counsel, Attorney Barry A. Schultz, requests the Court award him the $21,470.52 withheld, pursuant to his contingent fee agreement with Rohrschieb.

(Docket # 27.) Attorney Schultz represents that if he is awarded fees under § 406(b), Rohrschieb will be refunded the $7,400.00 he was awarded in EAJA fees. (*Id.* at ¶ 7.) *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"). The Commissioner does not object to the fee request. (Docket # 27 at 3.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Rohrschieb entered into a 25% contingency fee agreement with counsel. Twenty-five percent of her total past-due benefits equals $21,470.52. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25% of the past-due benefits.

However, within the 25% boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 35.4 hours of legal work spent in this case. (Docket # 27 at ¶ 10, Docket # 27-3.) Attorney Schultz argues that he has substantial experience in handling disability claims in federal court and currently devotes 99% of his practice to Social Security disability claims. (*Id.* ¶ 11.) He further argues that Rohrschieb obtained a great result, being awarded over $85,000.00 in past-due benefits. (*Id.*)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Rohrschieb, who was awarded disability insurance benefits and was awarded back benefits of over $85,000.00. (Docket # 27-1.) I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $21,470.52 for 35.4 hours of work equates to an hourly fee of approximately $606.51/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 27) is hereby **GRANTED**. Attorney Barry A. Schultz is awarded fees in the amount of $21,470.52.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Schultz is directed to refund $7,400.00, representing fees that were previously awarded under the

EAJA, directly to Rohrschieb.

Dated at Milwaukee, Wisconsin this 9th day of September, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge